## Engel Estate.

Argued January 9, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John J. Duffy,* with him *Robert W. Lentz, Frank J. Eustace, Jr.,* and *Lentz, Cantor & Duffy,* for appellant.

*L. K. W. Deininger,* with him *Frederick W. Deininger,* for appellee.

476

OPINION BY MR. CHIEF JUSTICE BELL, March 17, 1964:

Engel died intestate on November 28, 1957, survived by five nieces as his heirs at law and next of kin. On May 2, 1957, decedent deposited $15,288.95 of his own money in a savings account in the Paoli Bank, which shortly thereafter merged with Berwyn National Bank and became known as Upper Main Line Bank. On that occasion, Engel and his nieces, Lena Hutton and Anna Elizabeth Doll, *opened the savings account in their three names and signed an ineptly worded signature card,* the pertinent provisions of which are as follows:

"Individual—Commercial Account of
ENGEL & HUTTON & DOLL—
 All three signatures
 required—
  PAOLI BANK, Paoli, Pennsylvania

   . . .

     (s) Karl Frederick Engel
AUTHORIZED SIGNATURE (s) Lena Hutton
AUTHORIZED SIGNATURE (s) Anna Elizabeth Doll
    ADDRESS
 R.D. 4, Box 467 Norristown, Pa.
DATE OPENED    DATE CLOSED
 5-2-57      "

This signature card had deleted, by a large X mark through the whole of it, the provision for a "JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR."; and nothing was substituted.

Although it does not appear on the signature card, appellant states that "the regulations of the bank . . . provided, 'No payment made without this pass book.'" After Engel's death, the passbook could not be found.

No additional deposits nor any withdrawals were made between the time the account was opened and Engel's death. After Engel's death the entire savings

account was withdrawn as the result of a withdrawal check or slip signed by Lena Hutton, Anna Elizabeth Doll, and by Lena Hutton, Administratrix of Engel's estate, and one-third thereof was deposited in the bank account of the administratrix.

Engel's administratrix charged herself in the inventory as well as in the account with one-third of the $15,493.27* which were on deposit in the aforesaid savings account. At the audit of the administratrix's account, two of decedent's other three nieces, none of whom were included in the savings account, filed exceptions contending that the administratrix should have included in the inventory and account *all* the funds which had been on deposit in the savings account and not merely one-third of such funds. No testimony was presented by any party. The Orphans' Court, after argument, decided that the savings account was held by the three signatories in common and dismissed the exceptions. From the final decree of the Orphans' Court, the two disappointed nieces took this appeal.

This savings bank account, which was opened by Engel with his own money at the time he and his two nieces signed the aforesaid signature card, and could be withdrawn *only by the three signatories* created presumptively the relationship of tenants in common: *Bohn v. Fund of $1230.10,* 178 Pa. Superior Ct. 420, 426, 116 A. 2d 266. Cf. also *Taylor v. Fried,* 161 Pa. 53, 28 A. 993; *Butler Savings Bank v. Osborne,* 159 Pa. 10, 28 A. 163; *Neill v. Shamburg,* 158 Pa. 263, 27 A. 992; *Dunham v. Loverock,* 158 Pa. 197, 27 A. 990; *Kieffer's Estate,* 136 Pa. 535, 20 A. 523; *Schaeffer v. Fowler,* 111 Pa. 451, 2 A. 558; Pennsylvania Law Encyclopedia, Vol. 14, ch. 3, §41, Tenancy in Common. This presumption can be rebutted by competent evidence, or a plain intent to the contrary appearing in the written agreement. It is well established that ten-

---

* Includes interest.

478

ants in common of personal property, like tenants in common of real estate, own and possess in equal shares an undivided interest in the whole property: *Bohn v. Fund of $1230.10,* 178 Pa. Superior Ct., supra. Cf. also *Gwinner v. Union Trust Co.,* 226 Pa. 614, 75 A. 856; *Cundey v. Hall,* 208 Pa. 335, 57 A. 761; *Stover v. Stover,* 180 Pa. 425, 36 A. 921; *Edwards v. Edwards,* 39 Pa. 369. The aforesaid presumption of a tenancy in common was not rebutted by parol or any other evidence to prove a lack of donative intent, or an incomplete gift, or a conditional gift, or any other agreement inter se.

The fact, if it be a fact, that the passbook was retained by Engel, would not suffice to change or invalidate this tenancy since it was impossible for each of the tenants to possess the passbook. Cf. *Cox Estate,* 405 Pa. 444, 176 A. 2d 894; *Fell Estate,* 369 Pa. 597, 87 A. 2d 310.

Under all the facts and circumstances, a tenancy in common was created in this savings account and each of the tenants had an equal one-third interest.

Decree affirmed, each party to pay own costs.