# Downey *versus* Tharp.

1. An obligor cannot defalcate against the assignee of an assignee a claim which he holds against the first assignee.

2. Denman gave a sealed note to Downey, who afterwards gave a sealed note to Tharp.   Tharp assigned his note when over due to Denman; who assigned it to Sayers; Downey could not set off against Sayers his note from Denman.

3. The note being over-due when assigned was not enough to put Sayers on inquiry of the makers as to the transactions between Denman and Downey.

4. Sayers took the risk of equities and set-off between Downey and Tharp, but not those of subsequent holders.

5. An equitable defence, e. g., failure of consideration, is necessarily from transactions between the original parties.

6. If Denman had sued whilst he held the note to Tharp, his note held by Downey would have been set-off.

7. Blair *v.* Mathiott, 10 Wright 262, recognised.

November 16th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Greene county:* No. 201, to October and November Term 1869.

This was an action of debt by "Abner Tharp for the use of Alpheus Denman, now for the use of executor of E. S. Sayers, deceased," against R. W. Downey.

The cause of action was the following note:

"April 6th 1861.   Six months after date we promise to pay Abner Tharp one hundred dollars.

"SIMEON DUNN,   [L. S.]
"R. W. DOWNEY,   [L. S.]"

[Downey v. Tharp.]

The note was assigned by Tharp to Alpheus Denman, and by him assigned to E. S. Sayers.

The defendant Downey proved that the note was assigned to Denman by Tharp about eighteen months after it was due, and that the defendant was but surety for Dunn. He gave in evidence also this note:—

"One day after date I promise to pay one hundred and twenty-three dollars to R. W. Downey for value received.
    July 20th 1857.               "A. Denman.  [l. s.]"

Downey held this note against Denman while he, Denman, was assignee of the note in suit.

The court (Gilman, P. J.) directed the jury "to return a verdict for the sum of $144.56, the amount of the note sued on with interest, with leave to the court, notwithstanding the verdict, to reduce the verdict, by deducting the amount of the Denman note, with interest, if the court should be of opinion that the defendant is entitled to have the same defalcated against the note in suit, by way of equitable defence or otherwise."

The court afterwards directed judgment to be entered on the verdict.

This was assigned for error on the removal of the case to the Supreme Court by the defendant.

*Black & Purman*, for plaintiff in error, cited Coke L. 14, 347; Kuch v. Hall, Douglass 21.

There was no argument for the defendant in error.

The opinion of the court was delivered, January 3d 1870, by

Sharswood, J.—There are no facts in this case which distinguish it from Blair v. Mathiott, 10 Wright 262, in which it was held that an obligor in a bond cannot defalcate against the assignee of an assignee, a claim which he holds against the first assignee. The learned counsel of the plaintiff in error do not question this decision, but admit that it rests upon a safe and sound interpretation of the law of defalcation. But they contend that what they set up is neither a set-off nor defalcation, but an equitable defence. It is not easy to understand how an equitable defence, such as failure of consideration, necessarily arises out of transactions not between the original parties. Had the action here been brought by Denman, the first assignee, his note, held by the defendant, would have been admissible only as a counter claim or set-off. Its consideration was in no way connected with that of the note sued on. The circumstance that the note was overdue when it was passed to Sayers was not enough to put him on inquiry of the makers as to matters of set-off with the intermedi-

ate assignee, any more than in the case of a negotiable note over-due as to matters of set-off between the original parties: Hughes *v.* Large, 2 Barr 103. He took the risk of equities and set-off between the makers and payee, and is not to be involved in the accounts of all the successive holders through whose hands it may have passed, with the original makers.

Judgment affirmed.