## Sweeney *versus* Thickstun *et al.*

77  131
139  59
77  131
171  620

1. A note payable to order with interest, with an addition "in case of non-payment at maturity, five per cent, collection fees to be added;" with warrant of attorney to enter judgment for amount of the note and the five per cent., with costs of suit, release of errors, without stay of execution, waiving exemption, inquisition and condemnation, and to sell on fi. fa." *Held*, not negotiable, by reason of the warrant of attorney contained in it.

2. Overton v. Tyler, 3 Barr 346, adopted. Zimmerman v. Anderson, 17 P. F. Smith 421, remarked on.

November 14th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Crawford county*: Of October Term 1874, No. 149.

On the 11th of June 1872, a judgment was entered in the Court of Common Pleas of Crawford county in favor of R. F. Wilson to the use of William Sweeney against Israel Thickstun for $630, by virtue of the following note and warrant of attorney:—

"$600.  Cussewago, Pa., June 10th 1871.

"One year after date, for value received, we promise to pay to R. F. Wilson or order, six hundred dollars at six per cent. interest. And in case of default of payment at maturity, an additional five

[Sweeney *v.* Thickstun.]

per cent. for collection of the same.   And we empower any attorney of record in this Commonwealth, or elsewhere, to appear for us and confess judgment against us for the same, together with said five per cent. attorney's fees, with costs of suit, release of errors, and without stay of execution ; and for value received we do waive the right and benefit of any law of this or any state, exempting property, real or personal, from sale, and if levy is made on land we do also waive the right of inquisition, and consent to the condemnation thereof, with full liberty to sell the same on fi. fa., with release of errors thereon.

ISRAEL THICKSTUN,<br>L. R. HOTCHKISS."

Endorsed, "R. F. WILSON,
        R. L. STEBBINS."

The judgment was opened, the defendant let into a defence and an issue framed, in the form, " William Sweeney *v.* Israel Thickstun and L. R. Hotchkiss ;" the declaration was in the name " William Sweeney, endorsee of R. F. Wilson," &c.

The case was tried November 19th 1873 before Lowrie, P. J., who charged :—

That the instrument on which judgment was entered was in form of an ordinary promissory note payable to R. F. Wilson, and endorsed by him, and was transferred by him to Sweeney for valuable consideration before it became due.   But there is added to the note, before the signatures of the makers, an agreement that five per cent. be added for collection in case of default of payment at maturity, and also a warrant of attorney to confess judgment on the note with said five per cent., and judgment was so entered, without allowing the three days of grace, and was afterwards opened by the court to let in this defence.   And the case of the plaintiff having been presented as above, the defendants, in answer thereto, gave evidence, after objection by the plaintiff, to show that the note was given for a patent right with warranty of its goodness, and an agreement to return the note if the said patent right should not be found good; that it was not at all equal to the warranty, and also that the note was obtained by fraud from the said Hotchkiss, in this, that by a secret agreement between the said Wilson and the defendant, Thickstun, unknown to his co-defendant, the said Thickstun was to be credited with the full payment of his half of the pretended purchase-money in consideration of his aid in getting the said Hotchkiss to join him in the purchase of the patent right, and giving the note therefor, and immediately afterwards the said credit was entered on the said note as a payment by Thickstun.   Defendants also filed a reconveyance of patent.

The court directed the jury to find for the defendants, if they believe the evidence so given by them, reserving, with the consent of the parties, the question whether the facts, if

[Sweeney v. Thickstun.]

so, constituted a legal and sufficient defence to the said note, as against Sweeney, and if they do, then the judgment entered on the warrant of attorney is to be set aside and judgment entered in favor of the defendants, and if they do not, then judgment is to be entered or confirmed in favor of the plaintiff, *non obstante veredicto*.

The verdict was accordingly for the defendants, subject to the opinion of the court on the reserved question. Judge Lowrie afterwards delivered this opinion on the reserved point :—

" Some doubts were expressed at the trial whether a point could properly be reserved in the above form with the consent of the parties, the plaintiff's case being admitted and the judgment being dependent on the sufficiency of the defendants' case, and I suppose this is allowable.

" Commonly there can be no judgment in favor of the plaintiff, after a verdict for the defendants, with a reserved point, on the sufficiency of the facts found as a defence, because commonly that would leave the plaintiff's facts not found ; but no such reason exists in this case. And I suppose there may be cases where the plaintiff's case is admitted by pleadings, and the defence set up by the defendants is found by verdict in their favor. Where the question of the sufficiency of the defence may be raised by a reserved point and then decided in favor of the plaintiff, and judgment in his favor according to the declaration, a plea in confession and avoidance, even when found in favor of the defendants, does not prevent the plaintiff from having judgment in his favor, unless the plea is a sufficient answer. In our short pleadings a reserved point may stand in place of such a plea set out at length. If pleaded at length a demurrer would test its validity and bring its proper judgment, and a reserved point may do the same.

" It seems to me that we cannot call this defence insufficient without disregarding Overton v. Tyler, 3 Barr 346. Besides the consideration expressed in this case, I cannot avoid thinking that an endorsee of such a paper would be required to exercise a different degree of diligence against the maker of such a note, from what is demanded in the case of negotiable instruments, in order to hold the endorsee, and if this is true the instrument is not negotiable. We decide the reserved point in favor of the defendants."

The original judgment for the plaintiff was set aside, and judgment entered for the defendants.

The plaintiff took a writ of error and assigned for error, setting aside the original judgment and entering judgment for the defendants.

*J. J. Henderson* and *J. B. Brawley*, for plaintiff in error.—The purpose of a negotiable note is that it may represent money

and do the work of money in business: 2 Parsons on Bills 20, 138, 146; 1 Parsons on Contracts 240; Stat. 3 & 4 Anne c. 9; Roberts' Dig. 385. It is by force of the word "order" that the payee has authority to assign by endorsement: Gerard v. La Coste, 1 Dallas 194. The negotiability of a note is not destroyed because of a collateral agreement made part of it: Hodges v. Shuler, 22 New York 114; Zimmerman v. Anderson, 17 P. F. Smith 421; Osborn v. Hanley, 19 Ohio 130.

*W. R. Bole* and *D. McCoy*, for defendants in error, cited Overton v. Tyler, 3 Barr 346; Sibree v. Tripp, 15 M. & W. 23; negotiable notes are not dependent upon Acts of Assembly, but are governed by commercial law: Hughes v. Large, 2 Barr 103: Brickland v. Brown, 5 Hill 635. Days of grace are a matter of right: Thomas v. Shoemaker, 6 W. & S. 199. A guaranty written on a negotiable note is not negotiable: McDoal v. Yeomans, 8 Watts 361; Snevily v. Ekel, 1 W. & S. 203.

Judgment was entered in the Supreme Court, November 21st 1874,

PER CURIAM.—This case does not differ in the least degree from that of Overton v. Tyler *et al.*, 3 Barr 346; in which it was held that such a *judgment* note was not a negotiable instrument under the law merchant. Indeed the note in this instance has some provisions in it not in that in Overton v. Tyler. The reference made by Read, J., in Zimmerman v. Anderson, 17 P. F. Smith 421, to the case of Osborn v. Hanley, 19 Ohio 130, was *arguendo* and only to show how far the rule as to non-negotiable paper had been relaxed in other states. But he clearly did not intend to admit its authority, for he proceeded to distinguish the case before him from our own case of Overton v. Tyler, without questioning the authority of the latter. The note in this case was not negotiable by reason of the warrant of attorney contained in it.

Judgment affirmed.