# Maynard *versus* Sixth National Bank of Philadelphia.

1. The indorsee of a note as collateral security for an antecedent debt is not a holder for value, and the maker is therefore entitled to set up against him any defense which he may have to the note in the hands of the indorser.

2. *Semble*, that an affidavit of defense filed in a cause is not to be considered as constituting part of the evidence therein, unless it be offered in evidence at the trial.

[Maynard v. Sixth National Bank of Philadelphia.]

June 2d 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lycoming county:* Of May Term 1881, No. 137.

This was an action of assumpsit by the Sixth National Bank of Philadelphia against Guy W. Maynard, Peter Herdic and John W. Maynard, trading as G. W. Maynard & Co., upon a note made by defendants September 14th 1877, for $2,500, payable four months after date, to the order of William Stoddard, manager, and indorsed by William Stoddard, manager, and by D. K. Houtz.

Defendants filed an affidavit of defense averring that the note in suit was given solely for the accommodation of D. K. Houtz, who indorsed the same, and that the said Houtz had at the same time accepted a draft for $2,500, drawn upon him by defendants. That plaintiff had not become a bona fide holder of the note in suit until after its maturity, but that said D. K. Houtz was the owner and holder of the same at its maturity, and transferred it afterwards to plaintiff, solely in order to preclude defendants from setting up the acceptance of Houtz, held by them, as a set-off or defense.

Pleas, non assumpsit, payment, payment with leave, and set-off.

On the trial, before CUMMIN, P. J., it appeared in evidence that Stoddard was the manager of defendant's business. That the note in suit was given to Houtz by defendants, and that on October 11th 1877, he had indorsed same over to plaintiff, together with several other notes, as collateral security for an indebtedness already incurred by him to the plaintiff. Defendants offered to prove what the condition of the accounts between defendants and D. K. Houtz was on January 17th 1878, at the maturity of the note, also to prove that at that date and thereafter up to the time of trial, defendants had a perfect defense to said note in the hands of D. K. Houtz; also to prove that at said date and continuously thereafter up to the time of trial, D. K. Houtz was indebted to defendants in a much greater amount than the note in suit. Objected to by plaintiff, as incompetent and irrelevant. Objection sustained. Evidence excluded. Exceptions. First, second and third assignments of error. The court charged, *inter alia,* as follows:

" The defense attempted to be set up in this action is this : The defendants set up as a defense that the plaintiffs held this note as collateral security, and that they are not bona fide holders of it for value, and that they, the defendants, have a good defense against this man Houtz, who turned the note over to the bank. And if this suit was brought by Houtz against

[Maynard *v.* Sixth National Bank of Philadelphia.]

them, of course their defense would be perfectly good; but as it is brought by the bank, we think they cannot set up any defense they might have against Houtz, because the bank holds it apart from the knowledge of any such defense. While a defense of this kind might be set up where the note is held, as this one is, as collateral security, it would be the duty of the defense to show that the note was held as collateral security, *and second that the debt for which it was taken as collateral was paid.* But we think in this case they have not made out such a case as would entitle them to this defense, and therefore, under all the evidence, we think the plaintiff is entitled to your verdict for the amount of the note and interest and protest fees."

Verdict and judgment for the plaintiff in the sum of $2,823.73. Defendants thereupon took this writ, assigning for error, *inter alia,* the rejection of the evidence offered by them as above, and the portion of the charge cited.

*Bentley* and *Parker* for plaintiffs in error.—The plaintiff merely holding the note in suit as collateral security for an antecedent debt, was not a holder for value in a commercial sense, and was therefore liable to have all the defences set up against it which could have been set up against Houtz : Kirkpatrick *v.* Muirhead, 4 Harris 123 ; S. C., 9 Harris 237 ; Harrisburg Bank *v.* Meyer, 6 S. & R. 537 ; Lenheim *v.* Wilmarding, 5 P. F. S. 73.

*Henry C. Parsons,* and *Candor & Munson,* for defendant in error.—The allegations of the affidavit of defense clearly show that the note was mere accommodation paper. [SHARSWOOD, C. J. Was this affidavit of defense offered in evidence?] No. But in our practice we consider all papers filed in the cause as in evidence. [SHARSWOOD, C. J. No. Here is a case which turns on the facts stated in the affidavit.] The affidavit should be deemed to be in evidence: Bowen *v.* De Lattre, 6 Whart. 434. The defendants are precluded from setting up such a defense to accommodation paper as is attempted in this suit : Appleton *v.* Donaldson, 3 Barr 381 ; Lord *v.* Ocean Bank, 8 Harris 384 ; Moore *v.* Baird, 6 Casey 138.

Mr. Justice PAXSON delivered the opinion of the Court October 3, 1881.

It is an undisputed fact in this cause that the note in controversy was held by the plaintiff below merely as collateral security for an antecedent debt. It was not, therefore, a holder for value, and the defendants were entitled to set up any defense they had against the payee. Our books are full of authorities upon this point. It is sufficient to refer to Kirkpatrick *v.* Muirhead, 4

[Kern v. Powell.]

Harris 117; 9 Harris 237; Lenheim v. Wilmarding, 5 P. F. S. 73.

Upon the trial below, the learned judge rejected the evidence offered by the defendants, and referred to in the first, second and third assignments, for the reason that while it might be a good defense against Houtz, it could not be set up as against the bank, unless it be first shown that the debt for which the note was taken as collateral had been paid. This was error. The bank was not a holder for value. It had paid nothing for the note, and under all the authorities, the defendants could set up in this suit, any defense they would have been entitled to make, had the action been by Houtz, it was not necessary to prove the payment of the debt for which the note had been pledged.

The case was argued for the plaintiff upon the theory that the note was accommodation paper. No such fact appears in the case. The affidavit of defense was not offered in evidence. And had it been, it is at least doubtful whether it would have helped the plaintiff upon this point.

Judgment reserved and a *venire facias de novo* awarded.