Henry A. V. Post, Archer N. Martin and Charles C. Pom-, eroy, doing Business as Post, Martin & Company, Appellants, *v.* Kinzua Hemlock Railway Company.

*Promissory notes—Negotiability—Conditions.*

An instrument in writing to be negotiable must be free from contingencies and conditions.

The following instrument in writing is not negotiable : " On the first day of July, 1891, without grace, there will be due to the American Car & Equipment Company or order two hundred and fifty dollars for rental of rolling stock under contract of lease and conditional sale of even date herewith, payable at the office of the American Car & Equipment Company in the city of New York, with interest at 6 per cent. per annum added."

Argued May 8, 1895. Appeal, No. 4, July T., 1895, by plaintiffs, from judgment of C. P. McKean Co., June T., 1892, No. 358, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit by the indorsees of an instrument in writing against the maker. Before MORRISON, J.

At the trial plaintiffs' counsel offered in evidence the note in suit dated Kane, Pa., March 5, 1891, for $250, signed Kinzua Hemlock R. R. Co., by Thomas L. Kane, President, due July 1, 1891, with interest at 6 per cent per annum added. Indorsed " The American Car and Equipment Company, S. L. Mitchell, Treasurer."

Objected to as incompetent, immaterial and irrelevant to charge this defendant in an action of assumpsit with anything : (1) That it is not a negotiable instrument and is not a note ; (2) that if it were a negotiable instrument the suit must have been brought in the name of the payee for the use of the plain-

tiffs; that it is not such an instrument as would authorize the plaintiffs, by the mere indorsement of the defendant, to bring suit thereon in their own name.

The Court: I think the first important question is whether or not this is negotiable paper. I think the whole question hangs on that. This is an action by the indorsee of a written instrument against the maker, of which the following is a copy of the instrument:

"250.00.        KANE, Pa., March 5th, 1891.

" On the first day of July, 1891, without grace, there will be due to the American Car & Equipment Company or order two hundred and fifty dollars for rental of rolling stock, under contract of lease and conditional sale of even date herewith, payable at the office of the American Car & Equipment Company in the city of New York, with interest at 6 per cent. per annum added.

"KINZUA HEMLOCK R. R. Co.

"By THOS. L. KANE, President.

"Series B. 87,
"No. 1 due June 1st, 1891.
"Endorsed on the back :-

"THE AMERICAN CAR & EQUIPMENT COMPANY.
"S. L. MITCHELL, Treas."

We are of the opinion that this instrument is not negotiable and that the indorsee cannot maintain this action upon it, so as to exclude any defense that the maker may have, and therefore we sustain the objection and exclude the evidence, upon the pleadings as they stand in the case.

Exception by plaintiffs' counsel and bill sealed. [1]

The court charged :

" [This ruling leaves but one result in the case and that would be a verdict for the defendant. We instruct the prothonotary to take your verdict for the defendant.] " [2]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) charge of court as above, quoting it.

*Rufus B. Stone,* for appellants.—The form of the note in suit,

to wit: "There will be due," etc., is the proper form for such obligation on the part of the corporation rather than words of "promise," which must imply intention, because, as it has been held, a corporation is incapable of intention or purpose or motive. It can act only: Potts v. Coal Co., 6 Phila. 249.

Does the note contain any "condition or contingency?" for that is the recognized fact: Overton v. Tyler, 3 Pa. 346; Zimmerman v. Anderson, 67 Pa. 421; Citizens' Nat. Bank v. Piollet, 126 Pa. 194; 1 Parsons on Bills and Notes, 147.

If the memorandum be intended to identify and earmark the instrument, it will not affect its operation; and it has been regarded of this character where it was indorsed upon the note by the payee that he desired his executors not to call in the money until three years after his death: 1 Daniell on Neg. Ins. sec. 153.

So the insertion in a note of the words "or before if made out of the sale of Coffman's Broadcast Feeding Machine" does not affect its negotiability: Ernst v. Steckman, 74 Pa. 15. Nor the expression "given in consideration of a certain patent right" or "as part pay for a piano forte:" 1 Daniell on Neg. Ins. sec. 51. Nor the words "given for advancements:" Cit. Nat. Bk. v. Piollet, 126 Pa. 497. Nor the following words: "Being in part payment for a portable engine, which engine shall be and remain the property of the owner of this note until the amount hereby secured is fully paid:" Mott v. Havana Nat. Bk., 22 Hun, 354.

The mere statement of the consideration in a bill or note does not put the holder upon inquiry whether or not it really passed, or has failed in any respect: 1 Daniell on Neg. Ins. secs. 707, 790.

Nor is it a good ground of defense against a bona fide holder for value that he was informed that the note was made in consideration of an executory contract, unless he was also informed of its breach: Craig v. Sibbett, 15 Pa. 238; Patten v. Gleason, 106 Mass. 439; Davis v. McCready, 17 N. Y. 230· Bend v. Wietz, 12 Wis. 611.

Even circumstances which ought to excite the suspicion of a prudent man will not prevent recovery: Phelan v. Moss, 67 Pa. 59.

To constitute a defense under the modern doctrine it must

be shown that the note was taken mala fide, and the burden of proving bad faith rests on the defendant: Second Nat. Bk. of Clarion v. Morgan, 35 W. N. C. 484.

In the present case it is by no means clear that the consideration was executory. On the contrary, from the plain reading of the words : " for rental of rolling stock," it would be inferred that the rental had accrued. But if otherwise it was incumbent on the defendant to secure itself before the execution upon the delivery of the note : Mercer Co. v. Hacket, 1 Wall. (U. S.) 83 ; Beaver Co. v. Armstrong, 44 Pa. 63 ; Kerr v. Corry, 105 Pa. 282 ; Humboldt Twp. v. Long, 92 U. S. 644.

*G. L. Roberts, J. N. Apple* and *D. H. Jack* with him, for appellee.—The instrument in writing sued upon is not negotiable: Patterson v. Poindexter, 6 Watts & Serg. 227 ; Overton v. Tyler, 3 Pa. 346 ; London Savings Fund Assn. v. Hagerstown Savings Bank, 33 Pa. 498; Sweeney v. Thickstun, 77 Pa. 131; Iron City Nat. Bank v. McCord, 139 Pa. 52 ; 2 Am. & Eng. Ency. of Law, 9; Humboldt Twp. v. Long, 92 U. S. 644.

Every case cited by the plaintiffs contains an unconditional promise to pay, at a time fixed and certain, and for a valuable consideration, a certain sum of money.

True it is that the instrument sued on in this case shows that the consideration is not a past debt, but it also shows that it is not a present debt, and that it never may be a debt at all. It is not calculated, as asserted by the plaintiffs, to promote the business and solvency of the promisor. The fact of the case is, that it cost the promisor a large sum of money, for it relied on the real consideration of the instrument, the delivery of the rolling stock to it under the contract of lease and conditional sale bearing even date therewith, which was never done, and which it was afterwards obliged to purchase from other parties at a loss and damage to itself.

OPINION BY MR. JUSTICE McCOLLUM, November 4, 1895 :

The single question in this case is whether the instrument declared upon is a negotiable promissory note. If it is the plaintiffs are entitled to maintain their suit as it was brought, and the learned court below erred in the ruling complained of in the first specification. If it is not, both specifications must

be overruled.  In passing upon the question of the negotiability of the paper it will be observed that the sum referred to in it represents rent to accrue under a contract of lease and conditional sale of rolling stock, and that the plaintiffs' contention, if successful, will enable them to avoid a defense available against the payee.  In other words if the plaintiffs are bona fide purchasers of the paper before maturity, and it is negotiable, they may recover the sum named in it, although the maker may have a good defense against the payee, arising from the latter's non-compliance with the terms of the contract.  But for the protection the negotiability of the instrument would afford them against such a defense they might as well have brought suit upon it, or on the contract, in the name of the payee to their use.  We allude to this, not as a matter affecting the question before us, but as explanatory of what might otherwise seem to be a merely technical and unnecessary contest.

The instrument in suit and the contract to which it refers were executed and delivered on the same day and the former is more in the nature of a statement of a stipulation in the latter than of an independent undertaking for a past or present consideration to pay a sum certain at the time stated in it.  It says in substance that under a contract of lease and conditional sale " of even date herewith " there will be due to the payee or order on the first of July, 1891, for rental of rolling stock, two hundred and fifty dollars " with interest at six per cent per annum added," payable at the office of the payee in New York.  The payee in the instrument on which the action is based was the lessor in the contract and the sum to become due on the first of July was rental for the rolling stock that was leased. If the lessor refused to deliver the stock to the lessee in accordance with the terms of the contract the rent reserved for the use of it did not become due on the first of July or at any time. What the lessee said in the paper in question regarding the sum to become due on the first of July for rental of rolling stock was based on compliance with the lease and is not applicable to a repudiation of it.  We cannot therefore regard the paper in suit as creating a liability independent of and unaffected by the contract to which it refers.  We think it embraces a contingency which renders it non-negotiable, and if the maker is liable upon it to the plaintiffs or to the payee the liability is

qualified and measured by the "contract of lease and conditional sale." Nothing is better settled than the rule which requires that an instrument to be negotiable shall be free from contingencies and conditions: Overton v. Taylor, 3 Pa. 346; Sweeny v. Thickstun, 77 Pa. 131; Woods v. North, 84 Pa. 407, and Iron City Bank v. McCord, 139 Pa. 52.

The specifications of error are overruled and the judgment is affirmed.