# Blue *v.* Hunt, Appellant.

*Promissory notes—Indorsement—" Without recourse "—Evidence.*

In an action against an indorser of promissory notes, plaintiff admitted that he had received the notes from the former wife of defendant after their maturity.   Defendant claimed that his indorsement was without recourse, although the words " without recourse " were not on the notes.   He offered in evidence a list of articles left by him with his former wife at the time of their separation, which included an item, " Foust's notes without recourse."   The former wife testified that this item had been added to the list after she had signed it.   *Held*, that the case raised only an issue of fact for the jury.

Argued Jan. 5, 1904.   Appeal, No. 105, Jan. T., 1903, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1900, No. 4, on verdict for plaintiff, in case of John Blue v. Charles Hunt.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Assumpsit against indorser of promissory ·notes.

The facts appear in the opinion of the court.

Verdict for plaintiff for $2,669.08, on which judgment was entered for $1,774.37, all above that amount having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*Charles H. Pile,* with him *Maurice G. Belknap,* for appellant.

*Max Herzberg, Jacob Singer* and *Emanuel Furth,* for appellee, were not heard.

PER CURIAM, March 7, 1094:

Appellant was sued as indorser of promissory notes, and his defense was want of consideration and that his indorsement was without recourse. Plaintiff admitting that he had received the notes from the former wife of appellant after their maturity, the latter was allowed to prove any defense as if between the original parties. It is not claimed that the words "without recourse" appear on the notes but that such was the understanding and agreement, and in support of that contention appellant produced a list of articles left by him with his former wife at the time of their separation, which included an item, "Foust's notes without recourse." On this he based a request for binding instructions in his favor, the refusal of which is the error assigned here. No such instruction could have been given. The paper itself even if undisputed did not identify the notes in suit and was only evidence from which the jury might infer identity, but in addition to that the former wife testified that that item had been added to the list after she had signed it. There was nothing in the case but a question of fact, and the appellant had the fullest latitude to put his view of it before the jury.

Judgment affirmed.