## Gordon, Secretary of Banking, Appellant, v. Fifth Avenue Bank of Pittsburgh.

Argued April 22, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*David Glick,* Special Deputy Attorney General, with him *Edward O. Spotts* and *William A. Schnader,* Attorney General, for appellant.—A certificate of deposit is a negotiable instrument in Pennsylvania.: Forrest v. Banking A Trust Co., 174 Fed. 345.

It is submitted that it is almost uniformly held throughout the United States that a certificate of deposit in the regular ordinary form, payable to order or bearer, is a negotiable instrument.: Fallon v. Safety Banking & Trust Co., 45 Pa. Superior Ct., 193; Schwartz's App., 291 Pa. 463; Snyder v. Bank, 294 Pa. 1.

*R. A. Applegate,* with him *O. K. Price* and *Rose & Eichenauer,* for appellee.—The instrument upon which suit is brought is not a negotiable instrument: Patterson v. Poindexter, 6 W. & S. 227; Charnley v. Dulles, 8 W. & S. 353; Lebanon Bank v. Mangan, 28 Pa. 452; Loudon Savings Fund Society v. Savings Bank, 36 Pa. 498; Dempsey v. Harm, 7 Sadler 426.

This question is not affected by the passage of the Negotiable Instruments Act: Fehr v. Campbell, 288 Pa. 549; Gratz v. Ins. Co., 282 Pa. 224; Stadler v. Bank, 22 Mont. 201.

In another respect a certificate of deposit differs from a promissory note, to-wit, in the necessity for pre-

sentment and demand: Lebanon Bank v. Mangan, 28 Pa. 452.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

Plaintiff is secretary of banking, in possession of the Merchants Savings and Trust Company for purposes of liquidation under the Banking Act of 1923 P. L. 809 as amended. Among the assets was a certificate of deposit issued by defendant to a payee named Breitwieser, and endorsed by him; payment was refused and this suit followed. The certificate is in these word:

"The Fifth Avenue Bank of Pittsburgh, Pa.
"Int. $206.25
"13,750.00        "Pittsburgh, Pa., June 10, 1931.
"13,956.25

"Edw. Breitwieser has deposited in this Bank exactly Thirteen Thousand Seven Hundred Fifty Dollars exactly, payable to the order of Himself, 6 month after date on the return of this Certificate properly endorsed with interest only until maturity at 3 per cent per annum. Not subject to check. Edw. C. Bietenduefel, Cashier.

"Endorsements on the back of above Certificate:
                "Edw. Breitwieser
    "For deposit to the credit of William D. Gordon,
        Secretary of Banking, in possession of the Merchants Saving and Trust Company, Pittsburg, Pa.
    "Walter C. Brenneis, Special Deputy."

Defendant filed an affidavit of defense averring that on or about the date of the certicate, the payee, Breitwieser, borrowed from defendant the sum of $13,750 on his collateral note payable on demand; that on November 10th defendant demanded payment and that Breitwieser refused to pay, whereupon defendant, before the maturity of the certificate, appropriated the deposit

represented by it and so applied the fund to the payment of his note. A rule for judgment for want of a sufficient affidavit of defense was taken on the ground that the certificate was a negotiable instrument and that plaintiff was a holder in due course. The learned court below held that the certificate was not negotiable and discharged the rule. Plaintiff appeals.

While certificates of deposit appear to vary greatly in form, this is the first time, since the enactment of the Negotiable Instruments Law, that it has become necessary to pass on the negotiability of such an instrument. It is a subsisting chose in action representing the fund which it describes. Without inquiring whether it is true, as has been said, that Pennsylvania is the only state in which a certificate of deposit is held not to be negotiable, it is a fact that in Patterson v. Poindexter, 6 W. & S. 227 (followed in Charnley v. Dulles, 8 W. & S. 353; Lebanon v. Mangan, 28 Pa. 452; Loudon Savings Fund v. Hagerstown Bank, 36 Pa. 498, 1860), it was decided that such certificates, in the form considered in those cases, were not negotiable. In the Patterson Case importance was attributed to the fact that the certificate was not a promissory note within the statute of Anne (Roberts's Digest 375). In that connection, therefore, it should be noted that the statute did not specify or define what should constitute a promissory note.*

Since the decision of Patterson v. Poindexter and the cases following it, the legislature has specified what shall constitute a negotiable instrument: Act of May 16, 1901 P. L. 194. Many instruments which would not

* "It having been held by Lord Holt that a promissory note was not negotiable at common law, the Statute of 1704 (3 and 4 Anne, c. 9) was passed to get over the difficulty caused by the decision. This statute, now repealed by the Code, sched. II, did not, however, attempt to define a note as such." Byles on Bills (Ed. of 1931), page 4. See, also, remarks of Cockburn, C. J., in Goodwin v. Robarts, L. R. 10 Exch. 337, at page 349 et seq.

have been negotiable in the sense in which we are considering the term, prior to the Negotiable Instruments Law, are negotiable according to its provisions. The question must, therefore, now be considered in the light of the statute, keeping in mind that we are dealing with a law, with slight variations, in force all over the country and enacted, in this and in other states, for the express purpose of obtaining uniformity in the law of negotiable instruments in the general interest of commerce. The certificate in this case is negotiable within the requirements of the first ten sections. It is a written instrument, signed on behalf of defendant, containing an unconditional promise to pay the amount of the deposit to the order of the named depositor at a fixed time with interest specified. Payment is not rendered contingent by the necessity of returning the certificate, because the law implies the duty to return the certificate, just as it implies the duty to return a note; the phrase 'not subject to check' is surplusage because the express terms of the certificate are inconsistent with a checking account. Both parties refer to Fallon v. Safety Bank and Trust Co., 45 Pa. Superior Ct. 193; Schwartz's App., 291 Pa. 463, 104 A. 517, and Snyder v. Southwestern National Bank, 294 Pa. 1, 143 A. 206. But the point now presented, the negotiability of such certificate of deposit, was not determined by this court in any of the cases, though in one of them, Court of Common Pleas No. 1 squarely ruled that the certificate was negotiable. In the United States Circuit Court for this district, the late Judge McPherson considered the question in Forrest v. Safety Bank & Trust Co., 174 Fed. 345 (1909), and held the certificate negotiable. A list of the cases in other jurisdictions (nearly all the states and also the Supreme Court of the United States) holding that certificates of deposit in the general form under consideration are negotiable instruments may be found in Brannan's Negotiable Instruments Law, 5th edition, at page 104; in volume 5, Uniform Laws Annotated, Negotiable

Instruments Act, page 20; see, also, 3 R. C. L. 573; 7 C. J. 648, and the annotation to Easley v. Tenn. National Bank, L. R. A. C. (1918), page 689.

The order discharging the rule for judgment is reversed and the record is remitted with directions to enter judgment against the defendant for such sum as to right and justice may belong unless other legal or equitable cause be shown why such judgment should not be so entered.