Litcher *v.* North City Trust Company, Appellant.

Argued October 6, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles A. Rittenhouse, 3rd,* and with him *Thomas S. Lanard,* for appellant.

*Otto Kraus, Jr.,* and with him *Michael Serody,* for appellee.

OPINION BY KELLER, J., December 16, 1933:

For the purpose of this appeal we must assume that the plaintiff is not a holder in due course of the negotiable certificate of deposit in suit, (Gordon v. Fifth Ave. Bank, 308 Pa. 323, 162 Atl. 825), for the reason that it was not endorsed and delivered to him until after it was due. (Negotiable Instruments Act of 1901, May 16, 1901, P. L. 194, Sec. 52 (2)). The question to be determined is whether the defendant, the bank which issued the certificate, can set off against such holder a valid defense which it may have against the payee, not arising, however, from the consideration for which the instrument was given, but based on an independent and collateral transaction. That it could not do so prior to the enactment of the Negotiable Instruments Act aforesaid is well settled. We need do no more than cite the cases of Hughes v. Large, 2 Pa. 103 (1845); Long v. Rhawn, 75 Pa. 128 (1874); and Van Brunt v. Potter, 2 Pa. Superior Ct. 591, 595, (1896); which held that a set off against the

payee arising not out of the note but from a collateral transaction could not be interposed even against a holder not in due course.

The point for consideration in this case is whether that rule has been affected by the Negotiable Instruments Act of 1901, which in section 58 provides: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable ...... "

We see no reason for withholding from the words of this section their plain and unambiguous meaning. We think that it means just what it says; that, irrespective of what the law may have been prior to the passage of that act, thereafter the same defenses, as if the instrument were non-negotiable, could be made against negotiable paper, if it was in the hands of any holder other than a holder in due course; and one who becomes the holder of a negotiable instrument after its maturity is not a holder in due course or entitled to the rights of such a holder—Section 52 (2), supra—unless he derived his title through a holder in due course, which is not the case here. The *negotiability* of the instrument is not affected; the title to it still passes by endorsement, or by delivery if it is endorsed in blank; but the *defenses* which the maker may interpose to its payment are affected. Under the act he may present the same defenses that he could if the note were non-negotiable.

We are accordingly required to examine the law of this State as to whether such a defense could be presented against non-negotiable paper, and we find that the Supreme Court has decided that as to non-negotiable paper the holder takes the risk of equities and set off between the maker and payee thereof, although he is not involved in the accounts of subsequent holders with the original makers. See Downey v. Tharp, 63 Pa. 322; Reineman v. Robb, 98 Pa. 474, 478; Volk v.

Shoemaker, 229 Pa. 407, 410, 78 Atl. 933; Lane v. Smith, 103 Pa. 415; Stokes v. Dewees, 24 Pa. Superior Ct. 471. In Janes v. Benson, 155 Pa. 489, 491, 492, 26 Atl. 752, the Supreme Court said: "The rule is that the transferee of a non-negotiable instrument is bound to inquire of the maker, and failing to do so he stands exactly in the shoes of the person from whom he receives it. If that person could not recover the transferee cannot."

We are, therefore, of the opinion that the maker of this certificate of deposit was entitled to present against this holder the same defenses, including set offs, which it would have had against the payee if the certificate of deposit were non-negotiable—and this includes the defenses set up in the affidavit of defense; that as the payee could not prevail against the maker, if those averments are true, neither can his transferee, this plaintiff. This construction is in accord with the ruling of the Supreme Court in Lindsay v. Dutton, 217 Pa. 148, 149, 150, 66 Atl. 250; and Showell, Fryer & Co. v. Barr, 239 Pa. 287, 288, 86 Atl. 786, where it was briefly held, without discussion, that in an action on a negotiable note against the maker by a holder, who obtained it after maturity, and was, therefore, not a holder in due course, any defense could be set up that the maker might have against the payee. See also Blue v. Hunt, 208 Pa. 248, 249, 57 Atl. 576.

While this construction involves a change in our previous law by the Negotiable Instruments Act of 1901, we see no reason for refusing to follow the plain language of the statute because it may have that effect. The Act of 1901, supra, changed the established law of Pennsylvania respecting negotiable instruments in many other particulars. For example, by providing, (1) that the instrument will be deemed to be for a sum certain although it authorizes the collection of an attorney's fee if not paid at maturity: Sec. 2 (5). See

Woods v. North, 84 Pa. 407; (2) that its negotiability is not affected by a warrant to confess judgment if not paid at maturity: Sec. 5 (2). See Milton Nat. Bank v. Beaver, 25 Pa. Superior Ct. 494, 497; Overton v. Tyler, 3 Pa. 346; Sweeney v. Thickstun, 77 Pa. 131; Green v. Dick, 72 Pa. Superior Ct. 266; (3) that its negotiability is not affected by the fact that the instrumen bears a seal: Sec. 6 (4). See Mason v. Frick, 105 Pa. 162; Houk v. Foley, 2 P. & W. 245; Frevall v. Fitch, 5 Wharton 325; (4) that an antecedent or pre-existing debt constitutes value: Sec. 25. See Maynard v. Sixth National Bank, 98 Pa. 250; Schaeffer v. Fowler, 111 Pa. 451, 2 Atl. 558; Appeal of Liggett Spring & Axle Co., 111 Pa. 291, 298, 2 Atl. 684; Morrison v. Whitfield, 46 Pa. Superior Ct. 103. We have not hesitated to change our law to accord with the plain and explicit provisions of the act in those and other respects; there is no valid reason why we should refuse to do so in this one.

Of course, if on the trial, the plaintiff satisfies the jury of the truth of the averments in his statement entitling him to the status of a holder in due course, the alleged defense against the payee named in the certificate of deposit would not avail against the plaintiff. Our ruling is based on the assumption of the averments in the affidavit of defense being true.

The judgment is reversed with a procedendo.