## Spade Motor Company, to use, v. Reynolds

*Robert Trucksess*, for plaintiff.
*Russell J. Brownback*, for defendant.

CORSON, J., August 9, 1935.—Plaintiff in the present case has entered judgment against the defendant in the sum of $483.44 upon a warrant of attorney contained in a certain judgment note attached to what purports to be a lease for an automobile from the Spade Motor Company to Isabel E. Reynolds, which lease was assigned and note endorsed to the plaintiff, Automobile Finance Company. While the note in question contains a warrant of attorney to confess judgment, yet such warrant provides that judgment may not be entered prior to the due date of such note, and the warrant of attorney therefore, it is conceded, does not make the note nonnegotiable.

From the facts in this case, it would appear that on the date of the bailment lease, January 26, 1934, the Spade Motor Company was in financial difficulties. On that date, the defendant signed the lease and note in question for a certain automobile then in possession of the Spade Motor Company, and, while the lease states that the lessee had received possession of the motor vehicle described in such lease, yet it would appear to be a fact that Isabel E. Reynolds did not receive possession of such car, but verbally agreed that the Spade Motor Company was to retain possession of such car until March 1, 1934, when delivery was to be made.

Under the terms of the lease and note, the first instalment payment was not due until February 26, 1934. From the evidence, it would appear that the Spade Motor Company failed to make delivery of such automobile and went out of business at the place where it had been located at the time of the execution of the lease. It would

also appear that on February 12, 1934, before the first payment became due, the C. I. T. Corporation, another finance company, by virtue of a trust receipt upon the automobile described in the lease, repossessed such automobile in the hands of the Spade Motor Company in default of payment by such company. The defendant admits the execution of the note and lease, but says she was ignorant of their provisions and relied solely upon the honesty of the salesman for the Spade Motor Company. The only testimony as to the knowledge of the plaintiff company as to what took place is that they may have known of the agreement for future delivery of the automobile.

The defendant, after discovering that the Spade Motor Company had ceased to do business, investigated, and found that the same men with whom she had contracted for the delivery of her automobile were doing business under another name in Woodbury, N. J. Upon her insistence that they return her deposit which she had made upon the undelivered automobile, the parties entered into another contract for the sale of another car, and the defendant was credited with the amount originally paid down upon the first automobile.

On February 23, 1935, the plaintiff entered judgment upon the note, which judgment is now sought to be opened. Petitioner's entire argument rests upon the contention that the note in question is not a negotiable instrument, and that therefore the plaintiff, as assignee, is subject to all the defenses available to the defendant against the Spade Motor Company. The defendant contends that the note is nonnegotiable because it was a secondary liability as collateral for the performance of the lease and that therefore, the note being conditioned upon the performance of another contract, it is not such an unconditional promise to pay a sum certain as is required by the Negotiable Instruments Law to make it negotiable.

The Negotiable Instruments Law of May 16, 1901,

P. L. 194, sec. 184, defines a negotiable promissory note as "an unconditional promise, in writing, made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time, a sum certain in money, to order or to bearer."

The main question to be decided would seem to be whether or not the promise to pay in the present note is unconditional. Admittedly, the note derives its existence from the bailment lease to which it was attached, and which was assigned by the Spade Motor Company to the plaintiff at the same time that the note was negotiated. The note reads: "This note is given to cover deferred instalments or rental under a lease of even date for a motor car". Obviously, the lease referred to is the lease to which the note was attached by perforated paper. It would seem therefore that this note was given as security to cover the deferred payments which would become due under the lease. The validity of the note therefore must be affected by the validity of the lease. If the payments under the lease do not become due, it would seem that the note also must fall.

While we are cognizant of the case of International Finance Corp. v. Philadelphia Wholesale Drug Co., 312 Pa. 280, at page 284, where Mr. Justice Kephart, referring to the note in that case, says: "The paper travels as 'a courier without luggage' until this presumptive freedom of transferability is clearly and definitely restrained by its own evident limitations. . . . There must appear on its face clear, certain and manifest notice of its conditional character", we cannot say that the present note is "a courier without luggage." There would seem to be upon its face such "clear, certain and manifest notice" of its conditional character as to put anyone on notice—especially the present plaintiff, who received both the lease and the note at the same time and in one transaction.

Assuming that the note had been detached and endorsed to someone without the lease, and the lessee had

made payment to the lessor upon the lease, could we say that the holder of the present note could recover upon it? The fact that the present plaintiff held both the lease and the note would seem to be some notice at least to the present plaintiff that the note depended upon the lease.

In the case of Post et al., etc., v. Kinzua Hemlock Ry. Co., 171 Pa. 615, where a somewhat similar situation existed, the court held the note to be nonnegotiable, saying:

"The payee in the instrument on which the action is based was the lessor in the contract and the sum to become due on the first of July was rental for the rolling stock that was leased. If the lessor refused to deliver the stock to the lessee in accordance with the terms of the contract the rent reserved for the use of it did not become due on the first of July or at any time. . . . We cannot therefore regard the paper in suit as creating a liability independent of and unaffected by the contract to which it refers. We think it embraces a contingency which renders it non-negotiable, and if the maker is liable upon it to the plaintiffs or to the payee the liability is qualified and measured by the 'contract of lease and conditional sale.'" This case was cited with approval in Stucker v. Shumaker, Executrix, 290 Pa. 348, 351.

While it may be argued that the case of International Finance Co. v. Magilansky et ux., 105 Pa. Superior Ct. 309, is authority for the plaintiff's position, yet it will be noted that the note there in question does not refer to the contract for which it was given and to which, as here, it was attached by perforations when it was signed. It also does not appear that anything other than the note was negotiated by the payee to the plaintiff. In the present case, apparently the lease and note were transferred to the plaintiff at one and the same time as one and the same instrument. We feel, therefore, that the note in question is nonnegotiable within the meaning of the Negotiable Instruments Law, in which case the rights of the assignee rise no higher than those of the assignor, in

this case, the Spade Motor Company. The defendant therefore would seem to be entitled to have the judgment opened and a jury pass upon the case.

A further reason for opening the judgment would seem to be the admitted fact that the note in question was marked satisfied by the Commercial Credit Company. According to the depositions, this was erased by an agent of the company upon the allegation that it was an error upon the part of a girl working for the plaintiff company. Under the provisions of the Negotiable Instruments Law of 1901, supra, sec. 123, it would appear that this question must be submitted to a jury. This section provides:

"A cancellation made unintentionally or under a mistake or without the authority of the holder is inoperative; but where an instrument or any signature thereon appears to have been cancelled, the burden of proof lies on the party who alleges that the cancellation was made unintentionally or under a mistake or without authority." This section would clearly seem to place the burden upon the plaintiff of showing that the cancellation of the note was unintentional.

And now, August 9, 1935, the rule to open judgment is made absolute; judgment is opened, and defendant let into a defense. Counsel are directed to prepare an issue for the approval of the court.

From Aaron S. Swartz, Jr., Norristown.