# Kelly v. Kelly

*D. J. Boyle,* for libellant.
*James H. O'Connor,* for respondent.

DALTON, J., February 2, 1948.—When this case was last before us on exceptions to the master's report, we ordered a hearing de novo before the court. At the time fixed for such hearing, counsel for respondent objected to further proceedings in the cause, for the reason that a prior divorce action by libellant on the same cause of action had not been discontinued of record until after the institution of the present suit, and for further reason that the prior action had been discontinued without notice to respondent. Hearing on the merits was deferred to enable counsel to submit briefs on the legal question thus raised.

The prior suit had been discontinued in fact, and by leave of court, but without notice to respondent. The validity of the discontinuance can be attacked only by motion filed in the former suit. It cannot be attacked collaterally in the present action: Lindsay v. Dutton, 217 Pa. 148; Stedman v. Borough of Shenandoah, 43 Schuyl. 178.

"The validity of a discontinuance cannot be attacked in another suit; so long as the record of the case shows that the suit has been discontinued, the court, in another action, will treat it as having been regularly and legally done. Accordingly, the averment that a former suit upon the same cause of action was discontinued without the defendant's knowledge or consent is not a defense, for if the discontinuance was improperly or

illegally entered, the defendant should have applied to the court to strike it off": 5 Standard Pa. Practice 24, §20.

The objection is accordingly overruled, and the parties are directed to appear before the court for a hearing de novo on the merits, at such time as may suit the convenience of counsel: Plyler v. Plyler, 46 Pa. C. C. 298; Steimling v. Steimling, 40 Schuyl. 102.

And now, February 2, 1948, the objection stated in open court, in the nature of a plea in abatement, is overruled. A hearing de novo before the court is directed; the time of such hearing to be fixed at the convenience of counsel.