66　481<br>
145　263

<h2 align="center">Ross <em>versus</em> Espy.</h2>

1. The only witness for the plaintiff was objected to as incompetent, admitted by the court " reserving the right to exclude the testimony." The testimony proved the plaintiff's case; the court without excluding the testimony, directed the jury to find for the defendant. *Held*, to be error although the witness was incompetent.

2. The court should have charged directly on the competency of the witness.

3. Evidence is admissible to show that at the time of an endorsement of a note, the first and second endorsers agreed that in case of loss they should bear it jointly.

4. The contract of endorsement is *implied* by law from the blank endorsement and can be qualified by proof of a different agreement.

5. The contract of endorsement is not subject to the rule which excludes proof to vary the terms of an *express* contract.

November 9th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 172, of October and November Term 1869.

This was a feigned issue in which Joseph Ross was plaintiff, and William Espy was defendant, directed at January term 1866 under the following circumstances:—

On the 12th of April 1861, John Smithley drew a note for his own accommodation for $400, payable to the plaintiff at four months; the note was endorsed by the plaintiff and then by the defendant. It was discounted at a Pittsburg bank, was unpaid at maturity and protested; the bank recovered separate judgments for the amount of the note against each endorser. The defendant paid the amount recovered by the bank, and took an assignment of the judgment against Ross, who paid one-half the amount into court, alleging that although he was the payee and first endorser, yet at the time of the transaction, it was agreed between the endorsers and Smithley that they would both endorse for his accommodation, and in case of his failure to pay, they would be jointly liable. The issue was on a wager in the usual form to try whether the plaintiff was liable for the remaining half of the note.

The plaintiff called Smithley who was objected to by the defendant as incompetent. He was admitted by the court, " reserving the right to exclude the testimony."

16 P. F. SMITH—31

[Ross *v.* Espy.]

He testified that at the time the note was drawn he asked the defendant to endorse, he said he would if the plaintiff would; plaintiff and defendant and witness met together, when plaintiff and defendant agreed, that if it should not be paid by witness they would "divide the loss equally." The note was for the benefit of the witness; the agreement was not in writing, but was made at the time of the endorsement.

The case was tried March 15th 1869.

The court (Kirkpatrick, J.) directed the jury to find for the defendant.

The plaintiff removed the case to the Supreme Court, and assigned the charge for error.

*R. & S. Woods*, for plaintiff in error.

*N. P. & C. S. Fetterman*, for defendant in error.—Smithley was not competent: Saurman *v.* Bodey, 6 Wright 476; Pierce *v.* Butler, 14 Mass. 303–312; 1 Green. Ev., § 401. The undertaking testified to by Smithley was to pay the debt of another, and should have been in writing: Act of April 26th 1855, § 1, Pamph. L. 308, Purd. 497, pl. 4. It could be proved only by a writing: Miller *v.* Fichthorn, 7 Casey 252; Jack *v.* Morrison, 12 Wright 113.

The opinion of the court was delivered, January 3d 1871, by

Agnew, J.—A note was drawn by Smithley to order of Ross, and by him endorsed; then endorsed by Espy, and discounted at the Iron City Bank. Payment failing, the bank got separate judgments against the endorsers Ross and Espy. Espy paid the bank, and claimed the right to control the judgment against Ross. Ross alleged an agreement at the time the note was drawn and endorsed (all the parties being together) that he and Espy should endorse for the accommodation of Smithley, and in the event of his failure to pay, that he and Espy should contribute equally. This was a feigned issue to try the fact as to contribution. Smithley was offered as a witness, and objected to as a party to the note and incompetent, the trial being on the 15th of March 1869, and was received by the court subject to the right to exclude his testimony afterwards, and no exception taken by the defendant to his admission. The trial being a month before the Act of 15th April 1869, making interest and policy of law no longer a ground of incompetency, Smithley was then incompetent: Saurman's Ex'rs *v.* Bodey, 6 Wright 476; Barton *v.* Fetherolf, 3 Id. 279. But the judge who tried the cause gave no instruction to the jury to exclude the testimony of Smithley, and charged them peremptorily, "as a matter of law, that under *all* the evidence in the case the plaintiff cannot recover, and their

[Ross v. Espy.]

verdict must be for the defendant." Whether the learned judge had in his mind the whole evidence excluding the testimony of Smithley (which is quite possible), we cannot tell from the charge sent up to us. But the evidence having been received without exception, in order to reserve the question, it was the duty of the court to have charged expressly on the competency of the witness if they believed him incompetent, in order that the plaintiff might have the benefit of an exception if he conceived himself aggrieved by the decision. As the evidence stood before the jury, the agreement proved by Smithley was a flat bar to Espy's right to recover more than the one-half of the money he advanced in payment of the note. Whatever objection there might have existed to the competency of the channel through which the evidence came, the evidence itself was entirely competent. The contract of endorsement is one *implied* by the law from the blank endorsement, and can be qualified by express proof of a different agreement between the parties, and is not subject to the rule which excludes the proof to alter or vary the terms of an *express* agreement. This is well settled: Susquehanna Bridge and Bank Co. v. Evans, 4 Wall. C. C. R. 480; Barclay v. Weaver, 7 Harris 396. The very point now before us was decided in Hill v. Ely, 5 S. & R. 363, and Patterson v. Todd, 6 Harris 426; and analogous decisions will be found in Bank v. Fordyce, 9 Barr 276, and Miller v. Henderson, 10 S. & R. 290. The agreement to contribute equally between the endorsers modified the implied contract of Ross by his endorsement to pay Espy; and being made at the very time when they both endorsed for the accommodation of Smithley, the court ought so to have informed the jury, unless they had previously excluded the testimony of Smithley.

Judgment reversed, and a *venire facias de novo* awarded.