# William R. Newbold, trading as Hoopes & Newbold, Appellant, *v.* Jacob Boon and Bethel M. Custer.

*Banks and Banking—Promissory note—Rights of indorsers.*

Where a bank holds the funds of a maker at the maturity of the note, it is bound to consider the interests of the indorsers as sureties; and if it allows the maker to withdraw his funds, after protest, and the indorsers are losers thereby, the bank is liable to them.

*Promissory note—Accommodation paper—Equities after maturity.*

The holder of a promissory note, discounted after maturity and protest with full knowledge of its history, can only use it subject to the equities arising out of the transaction and connected with the note itself; he has no higher right to recover against the defendant's indorsers than had the maker of the paper with whom he acted.

The defendants were liable as indorsers on a note made by B. and discounted by the plaintiff. B. offered as a renewal another note with the same indorsers; this plaintiff refused to accept as a renewal, but in point of fact retained it in his possession without any consideration, as a mere memorandum of a rejected offer, but after its maturity and protest, discounted the second note and credited the proceeds to B.'s account in settlement of the prior note and other accounts with B. *Held*, In a suit against the indorsers on the second note, that plaintiff could not recover.

Argued Nov. 16, 1897. Appeal, No. 17, Oct. T., 1897, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1894, No. 12, on verdict for defendants. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit on promissory note for $800. Before BRÉGY, of the first judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was directing the jury to find a verdict for defendants.

*E. H. Hall*, for appellant.—Any one in possession of negotiable paper may protest it for non acceptance and give notice of such protest, although he is not the lawful holder, and could not demand payment or protest the paper for nonpayment: 3 Randolph on Commercial Paper, sec. 1139, page 136.

A creditor who holds a bill as collateral security is bound to present and give notice of dishonor, and is liable for the consequences if he omit to do so: Peacock v. Pursell, 78 E. C. L. 728 (Am. reprint).

A note being in the nature of collateral security, cannot be considered as accommodation paper: Lord v. Ocean Bank, 20 Pa. 384; Van Brunt v. Potter & Co., 2 Pa. Superior Ct. 591 ; Cozens v. Middleton, 118 Pa. 622; Snyder v. Riley, 6 Pa. 164; Long v. Rhawn, 75 Pa. 128; Philler v. Patterson, 168 Pa. 468.

*O. B. Dickinson*, for appellees.—The indorsee of overdue paper takes it subject to all the equities which arise out of it as between the original parties: Clay v. Cattrell, 18 Pa. 413; Bower v. Hastings, 36 Pa. 285; Wilson v. Savings Bank, 45 Pa. 488; Peale v. Addicks, 174 Pa. 549.

One who takes accommodation paper after maturity, takes only the title of him from whom he gets the paper: Peale v. Addicks, 174 Pa. 549.

OPINION BY ORLADY, J., February 19, 1898:

The defendants were liable as accommodation indorsers on a note of $900, which was made by Harry H. Black, and held by the plaintiff, a banker. This note became due on January 31, 1893, and the indorsers continued their liability by waiving protest of the paper on the day on which it matured. On the same day, Black offered to the plaintiff, his note for $800, which was marked (to renew the $900) at two months, and with the same persons as accommodation indorsers, but, by reason of the nonpayment of the difference between the two notes, the $800 note was refused by the banker, although it was left in his possession. No credit was given to Black for the new note, and on the date of its maturity (April 3, 1893) the plain-

tiff presented it for payment at the bank at which it was made payable, and had it protested. On April 20, 1893, Black paid to the plaintiff $200, and was then charged with the interest on the $900 note from the day it fell due; credit was given for the proceeds of the $800 note, and upon a balance being then ascertained between the plaintiff and Black, the latter drew a check for $902.33, by which the $900 note was discharged, as stated in appellant's history of this case. This suit was instituted to recover upon the $800 note, and on the trial the learned trial judge gave instructions to the jury to return a verdict for the defendants.

Other transactions between the plaintiff and Black seem to have complicated the settlement of their dealings, but, as to this note in suit, the plaintiff's testimony is clear and positive that he knew the defendants were accommodation indorsers; that the note in suit was intended as a renewal of the $900 one; that he positively refused to receive it as offered; that he retained the $800 note, without any consideration, as a mere memorandum of a rejected offer; that on April 3, 1893, he had it protested; that on April 20, 1893, sixteen days after its maturity, and in an adjustment of accounts between the plaintiff and Black, the $800 note was treated by them as living paper, by then discounting it and using the proceeds to discharge the larger one of $900.

If the plaintiff has title to the eight hundred dollar note, and whatever its value may have been of that date, (April 20, 1893) he acted with full knowledge of its history. In settlement with the principal debtor, he sought to give it vitality, as against the accommodation indorsers, in the face of his refusal to receive or discount it when it was offered before maturity. With this knowledge he can only use it subject to the equities arising out of the transaction or connected with the note itself: Hughes v. Large, 2 Pa. 103; Downey v. Tharp, 63 Pa. 322; Long v. Rhawn, 75 Pa. 128. He has no higher right to recover against these defendants than had the maker of the paper with whom he acted, and each had equal knowledge of all the facts: Bower v. Hastings, 36 Pa. 285; Hart v. Trust Company, 118 Pa. 565; Peale v. Addicks, 174 Pa. 549.

It further appears, from the testimony of the plaintiff, that after the dishonor of the note on which suit is brought, other

notes made by Black were included in a settlement in which the proceeds of this note figured, by which other claims were paid, and resulted in continuing the liability of these accommodation indorsers. When a bank holds funds of the maker, at the maturity of the note, it is bound to consider the interests of the indorsers as sureties, and if it allows the maker to withdraw his funds, after protest, and the indorsers are losers thereby, the bank is liable to them: Mechanic's Bank v. Seitz Bros., 150 Pa. 632, and under the facts as developed by the plaintiff the same rule must apply in this case.

The case was properly disposed of in the court below, the assignment of error is overruled and the judgment is affirmed.