Elizabeth Callaghan v. Sarah E. Callaghan, George R. Callaghan and David B. Callaghan, Executors of the last Will and Testament of George Callaghan, deceased, Appellants.

*Promissory notes—Plaintiff not actual owner—Affidavit of defense.*

In an action upon a promissory note an affidavit of defense is sufficient to prevent judgment, which avers that the plaintiff is not and never was the real owner of the note ; that her husband is the actual and beneficial owner of the same ; that the suit upon the note is really prosecuted for his use ; that the plaintiff is indebted to the defendants in a certain sum, the particulars of which are set forth, which sum defendants claim to be entitled to set off against plaintiff's demand, and that defendants expect to be able to prove all of these averments on the trial of the case.

Argued Jan. 19, 1898.    Appeal, No. 322, Jan. T., 1897, by defendants, from order of C. P. No. 3, Phila. Co., March T.,

1897, No. 410, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Assumpsit upon a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement was as follows:

The plaintiff, Elizabeth Callaghan, claims of the defendants the sum of $5,000, with interest thereon from April 1, A. D. 1891, which is justly due and owing the plaintiff by defendants upon the cause of action of which the following is a statement:

George Callaghan, to wit: on the first day of April, A. D. 1891, at the county aforesaid, made and delivered to the plaintiff his promissory note whereof the following is a copy:

"$5000.00                                   PHILA. April 1st 1891.

"Ten days sight after date I promise to pay to the order of Elizabeth Callaghan Five thousand 00/100 dollars at six per cent. interest. Without defalcation. Value received.

"(sg) GEO. CALLAGHAN.

"(Endorsed thereon.)

"May 25/93 cash 470.66."

And the said George Callaghan, to wit: June 16, 1891, died, having first made his last will and testament, which was, June 22, 1891, duly proved at the county aforesaid and letters testamentary then and there duly granted to the defendants. The said George Callaghan did not in his lifetime pay any part of said note, nor have the defendants since his death paid any part of the said note, except the sum of $470.66, paid the 25th day of May, A. D. 1893, as appears by said indorsement, and which was received and credited by the plaintiff on account of interest due on said note.

The affidavit of defense was as follows:

David B. Callaghan, one of the above named defendants, being duly sworn according to law, says that the defendants have a defense to the plaintiff's claim of the following nature, to wit: The defendants, the plaintiff and her husband, Robert Callaghan, had a dispute respecting the note in suit, wherein it was alleged by the defendants that the money mentioned in and

purporting to be secured by the said note was the proper money of the said Robert Callaghan; that the said note really belonged to said Robert Callaghan, and that the said Robert Callaghan was indebted to the estate of George Callaghan in the sum of about $2,500 (twenty-five hundred dollars) which the defendants claimed to set off against said note.

The parties then compromised the said dispute by entering into an amicable agreement, a copy of which is hereto annexed, and under and by virtue of which all interest on the note in suit was remitted prior to April 10, 1896, on $2,500 thereof, and prior to May 10, 1896, on the residue thereof.

Agreement referred to in the foregoing affidavit:

"Memorandum of agreement made this twentieth day of January, A. D. 1896 between Robert Callaghan, Elizabeth Callaghan, of the first part, and Sarah E. Callaghan, George R. Callaghan and David B. Callaghan, executors of the estate of George Callaghan, deceased, all of the city and county of Philadelphia and state of Pennsylvania.

"Witnesseth, whereas the said George Callaghan, deceased, in his lifetime, made and delivered to the said Elizabeth Callaghan his certain promissory note dated April 1, 1891, for $5,000, payable in ten days, together with interest thereon at the rate of six per cent. and whereas the said note is still unpaid, together with all the interest thereon less the sum of $470.66 paid May 25, 1893.

" And whereas the said Elizabeth Callaghan has made demand upon the said executors for payment of the said note and interest due thereon.

" And whereas the said executors claim that the said Robert Callaghan, husband of said Elizabeth Callaghan is indebted to the said estate in a certain large sum of money, but which said indebtedness is denied by the said Robert Callaghan.

" Now in consideration of the mutual concessions and undertakings, and to amicably settle all disputes, controversies, demands, debts, etc., existing or that are claimed to exist between the parties hereto, it is agreed as follows :

"1. The said Elizabeth Callaghan in settlement of her demand agrees to waive her claim to the interest due and reduce her claim to the principal of the said note, to wit: $5,000, and to receive payment of the same, to wit: $2,500, April 10, 1896,

and $2,500, May 10, 1896, that as a further inducement for this concession on her part and to prevent all future disputes (that when the final payment is made the note is to be surrendered to each it is agreed by the parties hereto) to execute and deliver reciprocal releases to each other fully discharging unto each other all demands, claims, etc., of whatsoever kind and nature.

" 2. And the said executors agree to pay for and on account of the estate aforesaid the sum of $5,000 in the amounts and at the times herein agreed upon, and to execute and to deliver to the said Robert Callaghan and Elizabeth Callaghan the general releases as herein stipulated, and to receive from them the same in like form and purpose.

" 3. If this agreement is broken each party hereto is remitted to his former rights as if no agreement had been made. If by reason of lapse of time or delay in performing this agreement the debt of Elizabeth Callaghan is in danger of becoming outlawed she is to have the right of bringing suit and getting judgment for such an amount as may be due including principal and interest."

The supplemental affidavit of defense was as follows :

David B. Callaghan being duly sworn says that if the plaintiff is entitled to claim and does claim that the agreement, a copy of which is appended to the original affidavit of defense, is not binding upon her because the same has been "broken " by reason of defendants' inability to pay at the times therein stated, then defendants are by the third clause of said agreement remitted to their "former rights as if no agreement had been made," and have a defense to the plaintiff's claim of the following nature, to wit : The defendants aver and expect to be able to prove at the trial that the money mentioned in and purporting to be secured by the note in suit was, at the time the note was given, and is, the proper money of Robert Callaghan, the husband of the plaintiff, and that the said suit is really prosecuted for his use. That the credit of $470.66 mentioned in the statement of claim was not originally a payment to the plaintiff on account of interest on said note, but a balance of a temporary loan of $4,000 made by the defendants to the said Robert Callaghan to tide over a financial emergency, and said balance was by agreement with him credited on said note, instead of

being repaid to the defendants, and was so credited by the plaintiff by his direction, without the payment by him to her of any part thereof. Defendants further believe that if the plaintiff were put upon the witness stand for cross-examination, she would admit that her husband is the beneficial holder of said note. Defendants have a valid defense to the said note as against the said Robert Callaghan to the amount of $2,303.55 and interest from June 16, 1891, as follows: The said Robert Callaghan, soon after the death of George Callaghan, agreed to purchase from plaintiff the interest of said George Callaghan in a partnership existing between them as Callaghan Brothers, a part of the consideration being the assumption by the said Robert Callaghan of the liabilities of the firm at the time of the death of George Callaghan. Among these liabilities, as defendants aver, was a sum of money due by the firm to said George Callaghan, as salary under their agreement of partnership, amounting, at the death of the latter, to $2,303.55, the said Robert Callaghan having under said agreement drawn a corresponding amount. A deed was prepared for the transfer by the defendants of said interest to him, but the defendant, Sarah E. Callaghan, refused to sign it, and the defendants to deliver it, unless the said Robert Callaghan would pay said salary. Thereupon, he promised to pay the same, and upon the faith of said promise the said Sarah E. Callaghan executed said deed, and the same was delivered by the defendants to the said Robert Callaghan, who, however, has never paid said sum, and now wholly refuses to so do. The date of said deed is August 19, 1891.

All of which defendants believe and expect to be able to prove on the trial of the case.

The court made the rule absolute.

*Error assigned* was the order of the court.

*A. Lewis Smith,* for appellants.—The note being really Robert Callaghan's was subject to any defense which the defendants have against him: Oberle v. Schmidt, 86 Pa. 221; Moeck v. Littell, 82 Pa. 354; Bacon v. Scott, 154 Pa. 250.

The plaintiff's statement of claim (taking the averments of the affidavit to be true) is insufficient to warrant a judgment.

It was his duty to set out an important contract affecting the note, and to show upon what breach of the contract he claimed to recover: Byrne v. Hayden, 124 Pa. 170; Fritz v. Hathaway, 135 Pa. 274; Newbold v. Pennock, 154 Pa. 591; Winkleblake v. VanDyke, 161 Pa. 5; Barker v. Fairchild, 168 Pa. 246.

*Wm. E. Tolan,* for appellee.—There is no allegation in the affidavits before the court of bad faith, fraud, or that the plaintiff is not a bona fide holder for value, or that it being in her possession deprived them of any defense. In order to destroy a holder's title it must be shown that he took it in bad faith: Phelan v. Moss, 67 Pa. 59; Bank v. Garber, 178 Pa. 91; Bank v. Morgan, 165 Pa. 199.

The averment that the money was not plaintiff's cannot affect the equities; it would be no ground of defense by the maker, for it was no concern of his where the money came from: Lingg v. Blumer, 88 Pa. 518; McKay v. McKenna, 173 Pa. 581.

Time was evidently an important element of the agreement, and when failure was made by defendants to pay, the agreement was broken and worked a forfeiture: Axford v. Thomas, 160 Pa. 8.

The plaintiff's statement is complete as to the cause of action, and gives the defendants full knowledge of the nature and character of her claim, so that they are enabled to make a defense if they have any and that is all that is required: Byrne v. Hayden, 124 Pa. 170.

OPINION BY MR. JUSTICE McCOLLUM, April 4, 1898:

It seems to be conceded by the parties to this suit that the compromise of their differences was annulled by noncompliance with its terms, and that the only question to be considered on this appeal is whether the supplemental affidavit of defense was sufficient to prevent judgment. The suit is on a note of which George Callaghan, now deceased, was the maker, and in which the plaintiff appears to be the payee. The plaintiff alleges in her statement of claim that she is entitled to the amount of the note with interest from April 1, 1891, less $470.66 indorsed thereon May 25, 1893. The defendants aver, in their supplemental affidavit, that the plaintiff is not now, and never was, the real owner of the note; that her husband, Robert Callaghan,

is the actual and beneficial owner of the same and that the suit upon it, is really "prosecuted for his use." They also declare in this connection that they expect to be able to prove this averment on the trial of the case. It is further averred by the defendants that Robert Callaghan is indebted to the estate they represent in the sum of $2,303.55, with interest thereon from August 17, 1891, which sum they claim they are entitled to set off against the indebtedness of the estate on the note in suit. The nature and origin of Robert Callaghan's indebtedness to the estate, the consideration of his assumption of it, and the agreement relating to it sufficiently appear in the affidavit and need not be repeated here. It may also be stated in this connection that the defendants aver that the credit of $470.66 already referred to was the balance of a temporary loan made by them to Robert Callaghan, and that the plaintiff by his direction and with their consent indorsed the same on the note, "without the payment by him to her of any part thereof." This averment was doubtless intended as the statement of a circumstance corroborative of the defendant's claim that the plaintiff's husband was the owner of the note. The averments in the affidavit of defense must be accepted, on this appeal, as true, and they are clearly sufficient if established by competent evidence to allow a set-off against the note of the indebtedness of Robert Callaghan to the estate.

Judgment reversed and procedendo awarded.