## Medallion Distributing Corporation, to use of Land Finance Corporation, v. Bair.

*Trade acceptance — Endorsement — Knowledge of defence—Contemporaneous agreement—Act of May 16, 1901, sect. 62, P. L. 203.*

Where, in an action on a trade acceptance, the affidavit of defence denies that the use-plaintiff and endorsee is a holder in due course for value received and without notice and avers that he had knowledge that his endorser had failed to perform a contemporaneous written agreement with the defendant and acceptor to do certain advertising and to take back certain unsold goods, the affidavit need not further aver that such contemporaneous agreement was the inducing cause of the signing of the trade acceptance by the defendant or was omitted from it by fraud, accident or mistake.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Oct. T., 1925, No. 67.

*Geo. Ross Eshleman*, for rule; *Edwin M. Gilbert*, contra.

HASSLER, J., July 3, 1926.—It appears in plaintiff's statement as its cause of action that on May 28, 1925, the Medallion Distributing Corporation, by its treasurer, "drew a bill of exchange or trade acceptance, dated June 3, 1925, payable sixty days after date, to the order of themselves, and directed to the defendant, which trade acceptance the defendant, on May 28, 1925, duly accepted in writing signed by him thereon, making the same payable at the Guaranty Trust Company of Lancaster, Pennsylvania;" that the said bill of exchange or trade acceptance was endorsed to the plaintiff by the Medallion Distributing Corporation in due course for value received, without notice of any infirmity or defect thereto, and was delivered to the plaintiff. The plaintiff claims the amount of the said bill of exchange or trade acceptance from the defendant.

The defendant first filed an affidavit of defence which was insufficient to prevent judgment. He subsequently filed an amended or supplemental affidavit

of defence, which it is practically admitted by the plaintiff cures all the defects pointed out in the rule for judgment, except that he does not allege that a contemporaneous parol agreement made by the drawer with the defendant was the inducing cause for his accepting the bill of exchange.

He alleges in this supplemental affidavit of defence that the acceptance was made in payment of merchandise which the Medallion Distributing Corporation agreed in writing that he was not to pay for unless it performed its part of a contemporaneous written agreement, which is as follows: "The Company (the Medallion Distributing Corporation) agrees by special advertising and direct house-to-house sale to sell or cause to sell goods listed above for the dealer within sixty days from arrival of merchandise, or will take back at price shown hereto at termination of the period of this agency agreement any of such goods remaining unsold." He also alleges that the Medallion Distributing Corporation did not carry out this part of its agreement, but refused to do so, and refused to take the goods which were unsold. He also alleges that the plaintiff is not a holder in due course of the trade acceptance, that it was not endorsed and delivered to it before maturity, or for value, and that it, the plaintiff, did have notice of the defence which the defendant had to it against the Medallion Distributing Corporation, the drawee.

It is argued by the plaintiff that the affidavit of defence is not sufficient to prevent judgment, for the reason that the defendant's acceptance of the bill of exchange is in writing, and he cannot contradict or vary this written contract, unless he alleges that something was omitted from it by fraud, accident or mistake, or that the written agreement which we have quoted was the inducing cause for his acceptance of it.

Section 62 of the Act of May 16, 1901, P. L. 203, provides that the acceptor by accepting the instrument engages that he will pay according to the tenor of his acceptance. Section 58 provides that in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defences as if it were non-negotiable. This is declaratory of the existing law: Newbold v. Boon, 6 Pa. Superior Ct. 511; Snyder v. Riley, 6 Pa. 164; Callaghan v. Callaghan, 185 Pa. 273; Louchheim v. Maguire, 186 Pa. 311. A contract of endorsement or acceptance is implied and not expressed and may be modified by proof of a written or oral agreement between the parties: Patterson v. Todd, 18 Pa. 426; Barclay v. Weaver, 19 Pa. 396; Ross v. Espy, 66 Pa. 481; Wertsner v. Graber, 14 Montg. Co. Law Repr. 217.

If the allegation in the affidavit of defence that the plaintiff is not a holder in due course, or that he obtained it after maturity or with knowledge that the defendant had a good defence to it as against the drawer, all of which is alleged in the affidavit of defence, and all of which we must take as true in this proceeding, the plaintiff is not entitled to recover, according to the sections of the Negotiable Instruments Act which we have quoted and the cases which we have cited. The plaintiff, under any of these circumstances, took the bill of exchange or trade acceptance, as it is called, subject to the equities existing between the drawer and the defendant, and it certainly will not be questioned that a breach of its contract by the drawer is a good defence as against it without alleging that it was omitted from the acceptance through fraud, accident or mistake, or that the contract which the maker broke was the inducing cause of defendant's acceptance. This breach of its contract by the drawer of the note is, therefore, a good defence in this action without a statement that it was omitted through fraud, accident or mistake, or that it was the inducing cause for the defendant to sign the trade acceptance.

The rule for judgment, therefore, is discharged.